■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MAXIE TINDAL, Respondent. [646 NYS2d 814] —Order, Supreme

Court, Bronx County (Richard Price, J.), entered July 26, 1995, which granted defendant's motion to suppress physical evidence and written and oral statements, unanimously affirmed.

Before the police are justified in making an investigative stop of an automobile, they must have "at least a *reasonable* suspicion that its occupants had been, are then, or are about to be, engaged in conduct in violation of law" (*People v Sobotker*, 43 NY2d 559, 563). Thus, as the Court of Appeals has recently reiterated: "Although the right to stop a vehicle is generally analogous to the right to stop a pedestrian, police/motorist encounters must be distinguished from police/pedestrian encounters when the police are operating on less than reasonable suspicion. This is because 'the obvious impact of stopping the progress of an automobile is more intrusive than the minimal intrusion involved in stopping a pedestrian' and constitutes 'at least a limited seizure subject to constitutional limitations' * * * whereas the common-law right of inquiry— much less the right to request information—does not include the right to unlawfully seize." (*People v Spencer*, 84 NY2d 749, 752, quoting *People v John BB.*, 56 NY2d 482, 487.)

In this case, the motion court properly found that, absent some additional information identifying the vehicle involved in the alleged crime beyond its make and color or distinguishing the driver from other young black males with a commonly worn haircut, the information available to the officers fell far short of that required to justify a stop of defendant's vehicle 24 hours after receipt of this general, limited information provided by the complainant. Concur—Ellerin, J. P., Rubin, Kupferman, Williams and Mazzarelli, JJ.