THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER DOWNES, Also Known as RONALD RASHAW, Appellant. [687 NYS2d 138] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J., at hearing; Gerald Sheindlin, J., at plea and sentence), rendered January 7, 1997, convicting defendant of attempted burglary in the second degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Late at night the police observed that a liquor store had been burglarized, whereupon a man ran into the street saying, "the van, the van" and pointed down the street. After ascertaining from the man that the van was brown, the officers drove in the direction the man had indicated, and, within seconds, observed only one brown van, which was operated by defendant. After defendant pulled the van over at the officers' direction, he was forcibly detained. When defendant was asked whether the van was his, he answered that he did not know where the keys were. The van was thereupon searched, yielding items stolen from the liquor store, and the van itself proved to have been stolen. We reject defendant's claim that the physical evidence and statements were fruits of an unlawful stop of the van or of an unlawful arrest of defendant. The information provided by the man at the crime scene permitted a reasonable inference that defendant committed the burglary (*see, People v Hammonds*, 215 AD2d 166, *lv denied* 86 NY2d 795), and thus gave rise to reasonable suspicion justifying the officers' forcible stop and investigative detention of defendant (*People v De Bour*, 40 NY2d 210, 223; *People v Allen*, 73 NY2d 378, 379-380; *People v Chestnut*, 51 NY2d 14, 20-22), given that the crime suspected was burglary, a "serious and violent crime" (*People v Mack*, 26

NY2d 311, 317, *cert denied* 400 US 960; *see also, People v Clark*, 172 AD2d 679, 680). Concur—Rosenberger, J. P., Tom, Wallach and Mazzarelli, JJ.