■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS R. JEFFERY, Appellant. [769 NYS2d 675]—

Appeal from a judgment of Wayne County Court (Nesbitt, J.), entered March 26, 2002, convicting defendant upon his plea of guilty of driving while intoxicated as a felony.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him of driving while intoxicated as a felony (Vehicle and Traffic

Law § 1192 [2]; § 1193 [1] [c] [ii]). We conclude that County Court properly denied his motion seeking suppression of evidence arising from the stop of his motor vehicle. The police stopped the vehicle based upon a report received by the 911 calling center indicating that a "drunk driver" named "Jeffery" was about to leave in a specifically described motor vehicle parked at a specific location. The police responded to that location within minutes, observed the described parked motor vehicle and pulled the vehicle over as it was being driven away from that location. The police acted on the basis of the report alone and did not observe any actions indicative of criminal behavior prior to the stop.

Even assuming, arguendo, that the 911 caller was anonymous (*cf. People v Dixon*, 289 AD2d 937 [2001], *lv denied* 98 NY2d 637 [2002]), we nevertheless conclude that the report was sufficiently corroborated to provide reasonable suspicion for the stop. We reject defendant's contention that corroboration of the report was required with respect to "its assertion of illegality" (*Florida v J.L.*, 529 US 266, 272 [2000]). *J.L.* concerned the forcible detention of a person suspected of engaging in concealed criminal activity based on a tip from an anonymous source who did not indicate the basis of his knowledge. Here, the report of the 911 caller was based on the contemporaneous observation of conduct that was not concealed (*cf. People v Braun*, 299 AD2d 246 [2002], *lv denied* 99 NY2d 612 [2003]). The report contained details "so specific and congruous with that which was actually encountered that the reliability of the information could reasonably be assumed" (*People v Olsen*, 93 AD2d 824, 824 [1983]), and thus we conclude that the police possessed the requisite reasonable suspicion to stop defendant's motor vehicle (*see People v Legette*, 244 AD2d 505, 507 [1997], *lv denied* 92 NY2d 950 [1998]; *People v Maye*, 206 AD2d 755, 757 [1994], *lv denied* 84 NY2d 1035 [1995]; *see also People v Benjamin*, 51 NY2d 267, 270 [1980]; *cf. People v Ballard*, 279 AD2d 529 [2001]). Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.