■ In the Matter of MALIK L., a Person Alleged to be a Juvenile Delinquent, Appellant. [871 NYS2d 124]—

Order of disposition, Family Court, New York County (Susan R. Larabee, J.), entered on or about April 1, 2008, which adjudicated appellant a juvenile delinquent, upon his admission that he committed acts which, if committed by an adult, would constitute the crime of criminal possession of a weapon in the second degree (two counts), and placed him with the Office of Children and Family Services for a period of 18 months, unanimously affirmed, without costs.

The court properly denied appellant's suppression motion. The totality of the circumstances supports the conclusion that the police possessed the requisite reasonable suspicion for a stop and frisk (*see People v Benjamin*, 51 NY2d 267, 271 [1980]). A police lieutenant testified that the police were responding to a radio call of shots fired in the area. This radio call described the location and direction of travel of a large group of juveniles, and the police encountered a corresponding group that included appellant. The lieutenant also spoke to another youth who had come from that group, and who implied that one or more members of the group were armed. Upon approaching the group, the lieutenant heard the sound of metal hitting the pavement, and discovered a box cutter in the area of the group. At this point, the lieutenant ordered the group against the wall, and they were frisked. We conclude that under these circumstances, the lieutenant had reason to be concerned for the safety of himself and the other officers present, especially in light of the crime they were investigating (*see e.g. People v Rivera*, 165 AD2d 756 [1990], *lv denied* 77 NY2d 842 [1991]).

Appellant also argues that the information in the lieutenant's possession was irrelevant because it was not conveyed to the officer who actually frisked appellant and found firearms on his person. Appellant claims this officer acted on his own accord and with insufficient information to support a frisk. This line of argument is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Contrary to appellant's characterization of the testimony, the evidence supports the conclusion that it was the lieutenant who ordered the group of juveniles against a wall, effectuating the seizure of appellant and the others, and that the

officer who conducted the frisk of appellant acted lawfully pursuant to the fellow officer rule (*see People v Ketcham*, 93 NY2d 416 [1999]). Concur—Mazzarelli, J.P., Friedman, Buckley, Acosta and Freedman, JJ.