■ The People of the State of New York, Respondent, v Andre Rivera, Appellant. [923 NYS2d 109]—

Judgment, Supreme Court, New York County (Thomas A. Farber, J., at suppression hearing; Daniel P. FitzGerald, J., at jury trial and sentencing), rendered October 17, 2008, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of 11 years, unanimously affirmed.

The court properly denied defendant's suppression motion. The officers had reasonable suspicion of criminality, which justified a stop and frisk. The information possessed by the police went well beyond an uncorroborated anonymous tip (*see People v Herold*, 282 AD2d 1, 6-7 [2001], *lv denied* 97 NY2d 682 [2001]; *compare Florida v J.L.*, 529 US 266 [2000]).

Many factors enhanced the reliability of the information provided by a 911 caller. "The information the police relied on came from a source that was not anonymous, but rather had identifying characteristics that rendered it reliable, including a partial name and callback number" (*People v Hall*, 23 AD3d 151, 151 [2005], *lv denied* 6 NY3d 754 [2005]). There were two communications with this complainant. In the first, he called 911, and in the second the police called him back. In each communication, the caller did not merely report the presence of a person with a firearm, but also that this person had threatened to kill him. Both communications were excited utterances, which was another factor enhancing their reliability (*see People v Govantes*, 297 AD2d 551, 552 [2002], *lv denied* 99 NY2d 558 [2002]). Finally, the caller provided a detailed and generally accurate description of defendant and one of his companions, as well as their location and direction of travel.

Defendant did not preserve his remaining suppression argument and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Defendant asserts that the officer continued his frisk after concluding that the object he felt in defendant's pocket was not a weapon. However, the hearing evidence fails to support that assertion. Concur—Tom, J.P., Saxe, Moskowitz, Acosta and Abdus-Salaam, JJ.