OPINION OF THE COURT
Memorandum.
In People v Argyris and People v DiSalvo, the orders of the Appellate Division should be affirmed. In People v Johnson, the order of County Court should be reversed, the suppression motion granted and the accusatory instrument dismissed.
Regardless of whether we apply a totality of the circumstances test or the Aguilar-Spinelli standard (see Spinelli v United States, 393 US 410 [1969]; Aguilar v Texas, 378 US 108 [1964]), there is record support for the lower courts’ findings that the stops were lawful in People v Argyris and People v DiSalvo. The police had reasonable suspicion to stop defendants’ vehicle based on the contents of a 911 call from an anonymous individual and the confirmatory observations of the police. Specifically, because sufficient information in the record supports the lower courts’ determination that the tip was reliable under the totality of the circumstances, satisfied the two-pronged Aguilar-Spinelli test for the reliability of hearsay tips *1141 in this particular context and contained sufficient information about defendants’ unlawful possession of a weapon to create reasonable suspicion, the lawfulness of the stop of defendants’ vehicle is beyond further review. Furthermore, under these circumstances, the absence of predictive information in the tip was not fatal to its reliability (compare People v Moore, 6 NY3d 496, 499 [2006], with Navarette v California, 572 US —, —, 134 S Ct 1683, 1688-1692 [2014]). On this record, the lower courts did not err in concluding that the police’s other actions were lawful (see People v Brnja, 50 NY2d 366, 372 [1980]).
In People v Johnson, whether evaluated in light of the totality of the circumstances or under the Aguilar-Spinelli framework, the reliability of the tip was not established. The caller’s cursory allegation that the driver of the car was either sick or intoxicated, without more, did not supply the sheriff’s deputy who stopped the car with reasonable suspicion that defendant was driving while intoxicated (see generally People v De Bour [La Pene], 40 NY2d 210, 225 [1976]; cf. Navarette, 572 US at —, 134 S Ct at 1690-1692). Although the deputy observed defendant commit a minor traffic infraction, this did not authorize the vehicle stop because he was outside his geographical jurisdiction at the time of the infraction (see CPL 140.10 [2] [a]), and defendant’s actions in committing the violation did not elevate the deputy’s suspicion sufficiently to justify the stop of defendant’s car. The issue of whether suppression should be denied on the theory that the deputy’s violation of the statutory limits on his jurisdiction does not warrant suppression is not before us.