# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

103

**KA 13-01184**

PRESENT: SMITH, J.P., CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

THOMAS J. TORRES, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered August 7, 2012. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class D felony, and aggravated driving while intoxicated, per se, a class D felony.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of driving while intoxicated, a class D felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]), and aggravated driving while intoxicated, per se, a class D felony (§§ 1192 [2-a] [a]; 1193 [1] [c] [ii]), defendant contends that the verdict is contrary to the weight of the evidence with respect to the issues of intoxication, the breathalyzer test results, and the defense of justification. Inasmuch as defendant admitted during his trial testimony that he was intoxicated when he operated the vehicle, we reject his contention that the jury improperly weighed the evidence of intoxication. Defendant's contention with respect to the breathalyzer test results is without merit (*see* § 1194 [4] [c]; *People v Kulk*, 103 AD3d 1038, 1041, *lv denied* 22 NY3d 956; *see generally People v Boscic*, 15 NY3d 494, 498-500). Consequently, the only remaining issue with respect to the weight of the evidence is defendant's contention that the jury did not properly weigh the evidence with respect to the defense of justification based on an emergency, also known as the "choice of evils" defense (*see e.g. People v Craig*, 78 NY2d 616, 620 n 1). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that, under the circumstances of this case, the jury failed to give the evidence the weight it should be accorded in considering that defense (*see generally People v Bleakley*, 69 NY2d

490, 495).

The defense applies where, inter alia, the defendant's conduct "is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur" (Penal Law § 35.05 [2]). "[T]he requirement that the impending injury must be 'imminent' and 'about to occur' denotes an impending harm which constitutes a present, immediate threat—i.e., a danger that is actual and at hand, not one that is speculative, abstract or remote" (Craig, 78 NY2d at 624). "It was for the jury to determine whether the threat of harm that the defendant perceived had ceased to exist and if so whether defendant had sufficient time to react prior to" engaging in the illegal conduct (People v Maher, 79 NY2d 978, 982). Even assuming, arguendo, that defendant was initially justified within the meaning of Penal Law § 35.05 (2) in driving while intoxicated to escape an imminent threat of physical injury, we cannot conclude that the jury improperly weighed the evidence in determining that defendant was not justified in continuing to operate the vehicle for several miles, with no evidence that he was being pursued.

We reject defendant's contention that County Court erred in denying his motion to suppress all evidence arising from the allegedly improper stop of his vehicle. "The police had reasonable suspicion to stop defendant['s] vehicle based on the contents of a 911 call from [three identified citizens] and the confirmatory observations of the police. [Inasmuch as the evidence in the record establishes that the information provided by those citizens] was reliable under the totality of the circumstances, satisfied the two-pronged Aguilar-Spinelli test for the reliability of hearsay tips in this particular context and contained sufficient information about defendant['s] unlawful possession of a weapon to create reasonable suspicion, the lawfulness of the stop of defendant['s] vehicle is" established (People v Argyris, ___ NY3d ___, ___ [Nov. 25, 2014]).

We also reject defendant's contention that he was denied effective assistance of counsel. It is well settled that, "[t]o prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's allegedly deficient conduct (People v Rivera, 71 NY2d 705, 709; see People v Benevento, 91 NY2d 708, 712), and defendant failed to meet that burden. Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147).

Defendant further contends that the court committed reversible error by failing to provide a meaningful response to a jury note asking for the legal definition of an adjournment in contemplation of dismissal. We reject the People's assertion that defendant's contention is not preserved for our review, inasmuch as the record establishes that "the court 'was aware of, and expressly decided, the [issue] raised on appeal' " (People v Collins, 106 AD3d 1544, 1546, lv denied 21 NY3d 1072, quoting People v Hawkins, 11 NY3d 484, 493). We

conclude, however, that defendant's contention is without merit. The court appropriately answered the jury's question by explaining that there was no evidence in the record concerning such a disposition (*see generally People v Esquilin*, 236 AD2d 245, 246-247, *affd* 91 NY2d 902; *People v Davis*, 223 AD2d 376, 377, *lv denied* 88 NY2d 846). Thus, "whatever questions are raised as to the phrasing of the court's response to the jury's questions, the court's answer provided the requisite 'meaningful response' " (*People v Simmons*, 66 AD3d 292, 295, *affd* 15 NY3d 728).

Defendant further contends that he was deprived of a fair trial by various instances of prosecutorial misconduct. Although defendant contends that the prosecutor engaged in misconduct by introducing evidence of defendant's invocation of his right to remain silent, we note that the prosecutor in fact did not introduce such evidence; rather, the testimony elicited by the prosecutor established that defendant merely responded to a question about his rights by stating that he would speak to the officers when he considered it appropriate to do so. "By refusing to respond to certain questions but while continuing to respond to others, defendant [did not] invoke his right to remain silent" (*People v Gibbs*, 286 AD2d 865, 867, *lv denied* 97 NY2d 704; *see People v Flowers*, 122 AD3d 1396, 1396-1397; *People v Jandreau*, 277 AD2d 998, 998, *lv denied* 96 NY2d 784) and, "thus, the prosecutor did not err in eliciting testimony on that issue" (*Gibbs*, 286 AD2d at 867).

Defendant failed to object to the majority of the remaining instances of alleged prosecutorial misconduct that he raises on appeal, and thus failed to preserve his contention for our review with respect to those instances (*see People v Ward*, 107 AD3d 1605, 1606, *lv denied* 21 NY3d 1078). In any event, with respect to the remaining alleged instances of misconduct, both preserved and unpreserved, we conclude that "[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (*People v Jones*, 114 AD3d 1239, 1241, *lv denied* 23 NY3d 1038, 1039 [internal quotation marks omitted]; *see People v Smith*, 109 AD3d 1150, 1151-1152, *lv denied* 22 NY3d 1090).

The sentence is not unduly harsh or severe. We have considered defendant's remaining contention and conclude that it is without merit.

Entered: February 13, 2015                    Frances E. Cafarell
                                              Clerk of the Court