# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1329**
**KA 12-00099**
PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DARIUS R. BURKE-WELLS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered November 9, 2011. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]). Defendant failed to preserve for our review his contention that he was deprived of his right to a fair trial by the testimony of the People's fingerprint analyst on the ground that her testimony "suggest[ed] absolute certainty" and was not presented as an opinion (*see generally People v Comerford*, 70 AD3d 1305, 1305-1306) and, in any event, we reject that contention. It is well settled that a fingerprint match may provide the basis for a burglary conviction (*see People v Safford*, 74 AD3d 1835, 1836, *lv denied* 16 NY3d 746, *reconsideration denied* 16 NY3d 899), and here the People's fingerprint analyst testified that she matched a known fingerprint belonging to defendant to a latent fingerprint recovered from the entry point at the crime scene. Defendant also failed to preserve for our review his contention that he was deprived of a fair trial based on prosecutorial misconduct (*see People v Torres*, 125 AD3d 1481, 1484, *lv denied* 25 NY3d 1172). In any event, we conclude that the prosecutor's comments during summation were a fair response to comments made by defense counsel (*see People v Santana*, 55 AD3d 1338, 1339, *lv denied* 12 NY3d 762; *People v Beggs*, 19 AD3d 1150, 1151, *lv denied* 5 NY3d 803), and any improprieties with respect to the remaining allegations of misconduct "were not so pervasive or egregious as to deprive defendant of a fair trial" (*Torres*, 125 AD3d at 1484 [internal quotation marks omitted]).

Finally, defendant's sentence is not unduly harsh or severe.