# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1095

KA 15-01804

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

JULIE R. WISNIEWSKI, DEFENDANT-APPELLANT.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (ERIN E. MCCAMPBELL OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered August 17, 2015. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class D felony, and driving while ability impaired.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her upon a jury verdict of driving while intoxicated (Vehicle and Traffic Law §§ 1192 [2]; 1193 [1] [c] [ii]) and driving while ability impaired (§ 1192 [1]), defendant contends that County Court erred in denying her motion to suppress evidence arising from the allegedly improper stop of her vehicle. We reject that contention. The police may stop a vehicle "when there exists at least a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime" (*People v Robinson*, 122 AD3d 1282, 1283 [internal quotation marks omitted]). We conclude that the police had reasonable suspicion to stop defendant's vehicle based on the contents of the 911 call from an identified citizen informant (*see People v Argyris*, 24 NY3d 1138, 1140-1141, *rearg denied* 24 NY3d 1211, *cert denied* ___ US ___, 136 S Ct 793; *People v Torres*, 125 AD3d 1481, 1482, *lv denied* 25 NY3d 1172; *People v Van Every*, 1 AD3d 977, 978-979, *lv denied* 1 NY3d 602). The evidence in the record establishes that the information provided by the identified citizen informant "was reliable under the totality of the circumstances, satisfied the two-pronged *Aguilar-Spinelli* test for the reliability of hearsay tips in this particular context and contained sufficient information about" defendant's commission of the crime of driving while intoxicated (*Argyris*, 24 NY3d

at 1140-1141; *see Torres*, 125 AD3d at 1482).

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court