Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered August 17, 2015. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class D felony, and. driving while ability impaired.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her upon a jury verdict of driving while intoxicated (Vehicle and Traffic Law §§ 1192 [2]; 1193 [1] [c] [ii]) and driving while ability impaired (§ 1192 [1]), defendant contends that County Court erred in denying her motion to suppress evidence arising from the allegedly improper stop of her vehicle. We reject that contention. The police may stop a vehicle “when there exists at least a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime” (People v Robinson, 122 AD3d 1282, 1283 [2014] [internal quotation marks omitted]). We conclude that the police had reasonable suspicion to stop defendant’s vehicle based on the contents of the 911 call from an identified citizen informant (see People v Argyris, 24 NY3d 1138, 1140-1141 [2014], rearg denied 24 NY3d 1211 [2015], cert denied 577 US —, 136 S Ct 793 [2016]; People v Torres, 125 AD3d 1481, 1482 [2015], lv denied 25 NY3d 1172 [2015]; People v Van Every, 1 AD3d 977, 978-979 [2003], lv denied 1 NY3d 602 [2004]). The evidence in the record establishes that the information provided by the identified citizen informant “was reliable under the totality of the circumstances, satisfied the two-pronged Aguilar-Spinelli test for the reliability of hearsay tips in this particular context and contained sufficient information about” defendant’s commission of the crime of driving while intoxicated (Argyris, 24 NY3d at 1140-1141; see Torres, 125 AD3d at 1482).
Present — Whalen, P.J., Centra, Lindley, NeMoyer and Trout-man, JJ.