■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLEY MARTINEZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON RIVERA, Appellant [49 NYS3d 33]—

Judgments, Supreme Court, New York County (Charles H. Solomon, J. at suppression hearing; Daniel P. FitzGerald, J. at jury trial and sentencing), rendered October 3, 2014, convicting defendants of grand larceny in the third degree and possession of burglar's tools, and sentencing both defendants, as second felony offenders, to aggregate terms of 3½ to 7 years, unanimously affirmed.

The court properly denied defendants' suppression motion. Under the fellow officer rule (*see People v Ketcham*, 93 NY2d 416, 419 [1999]; *see also Matter of Malik L.*, 58 AD3d 520, 520-521 [1st Dept 2009]), the police had reasonable suspicion to stop defendants in their minivan based on two radio transmissions sent by an officer who had been assigned to monitor a pattern of alleged motorcycle thefts in the area, possibly involving a white van. The reporting officer stated that he had heard a loud metallic noise coming from a direction in which he then saw two men standing next to a motorcycle in a deserted area in the middle of the night, that he then saw a white van driving nearby a few minutes later, and that he later noticed that the two men and the motorcycle were missing but a broken chain was lying on the ground where the motorcycle had been. These observations gave rise to a reasonable inference that the two men had stolen the motorcycle and used the van to transport it, and, given the closeness of the temporal and

spatial factors, justified the police in stopping the white minivan they found stopped at a red light in a location consistent with the officer's transmission (*compare People v Tindal*, 231 AD2d 404, 405 [1st Dept 1996], *lv denied* 89 NY2d 930 [1996] [observation of make and color of vehicle did not provide reasonable suspicion "24 hours after receipt of . . . general, limited information provided by the complainant"]).

Although the officers who stopped defendants did not specifically testify that they heard the second transmission, which reported that the motorcycle was missing from its original spot, this was a reasonable inference from the reporting officer's testimony about sending the two transmissions, the evidence that all of the officers were actively working together on this matter, and the reporting officer's testimony that he saw an unmarked police vehicle quickly driving in the direction in which the white van had been driving shortly after the second report was transmitted (*see People v Ramirez-Portoreal*, 88 NY2d 99, 113-114 [1996]).

Under the circumstances, the officers' conduct of ordering defendants out of the van at gunpoint and placing them in handcuffs was justified as a safety measure during the temporary detention while the officers waited for the reporting officer to arrive to make an identification, and did not constitute an arrest requiring probable cause (*see People v Allen*, 73 NY2d 378, 380 [1989]; *see also People v Foster*, 85 NY2d 1012, 1014 [1995]).

The search of the vehicle was justified by the automobile and plain view exceptions to the warrant requirement (*see People v Blasich*, 73 NY2d 673 [1989]; *see also People v Brown*, 96 NY2d 80, 88-89 [2001]). Even if the police testimony was unclear about when exactly the search occurred, the People met their burden of coming forward, and defendants, who conducted no cross-examination at the suppression hearing, failed to meet their "ultimate burden of proving that the evidence should not be used against" them (*People v Berrios*, 28 NY2d 361, 367 [1971]).

The verdict against defendant Martinez was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations. The circumstantial evidence overwhelmingly supported the conclusion that defendants stole a motorcycle and abandoned it. Defendant Rivera's weight of the evidence argument is similarly meritless, in addition to being improperly raised for the first time in a reply brief.

We find nothing prejudicial about the portion of the court's

charge in which it introduced the concept of circumstantial evidence by referring to the necessity of resort to such evidence in some cases. Rivera's other challenges to the circumstantial evidence charge, his challenge to the court's reasonable doubt charge, and both defendants' claims regarding the prosecutor's summation are unpreserved, and we reject defendants' arguments on preservation-related issues. We decline to review any of defendants' unpreserved claims in the interest of justice. As an alternative holding, we find that the jury instructions at issue, each viewed as a whole, conveyed the proper standards while containing no constitutionally defective language, and that the prosecutor's references to defendants' Bronx residences neither appealed to bias nor shifted the burden of proof. We perceive no basis for reducing the sentences. Concur—Friedman, J.P., Richter, Kapnick and Kahn, JJ.