People v Camber (2018 NY Slip Op 08838)





People v Camber


2018 NY Slip Op 08838


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1318 KA 16-01231

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RONZELL CAMBER, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DARIENN M. POWERS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered April 12, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We now affirm.
Supreme Court properly refused to suppress a loaded gun recovered from defendant's person after the vehicle in which he was riding pulled over. Within approximately one minute and three blocks of a corroborated 911 report of shots fired, a police officer observed a vehicle that appeared to match the description provided by the 911 caller of a vehicle "possibly involved" in the shooting. Although defendant correctly argues that the officer effectuated a level three seizure at the moment he ordered defendant and the other occupants to remain in the vehicle (see People v Harrison, 57 NY2d 470, 476 [1982]), we nevertheless agree with the People that, given the circumstances described above, the officer possessed the requisite reasonable suspicion of criminality to effect that seizure (see People v Martinez, 147 AD3d 642, 642 [1st Dept 2017], lv denied 29 NY3d 1034 [2017]; People v Williams, 126 AD3d 1304, 1304-1305 [4th Dept 2015], lv denied 25 NY3d 1209 [2015]; People v Sanchez, 216 AD2d 207, 208 [1st Dept 1995], lv denied 87 NY2d 850 [1995]). Defendant's ensuing refusal to follow that officer's directive to show his hands and related evasive conduct justified the subsequent pat frisk in which the gun was discovered (see People v Mack, 49 AD3d 1291, 1292 [4th Dept 2008], lv denied 10 NY3d 866 [2008]).
The sentence is not unduly harsh or severe.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court