People v Walls (2020 NY Slip Op 05337)





People v Walls


2020 NY Slip Op 05337


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, WINSLOW, AND BANNISTER, JJ.


382 KA 16-02302

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN W. WALLS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (A. VINCENT BUZARD OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered July 26, 2016. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant contends that Supreme Court erred in refusing to suppress evidence arising from an allegedly unlawful seizure, detention, and arrest. We reject that contention.
Defendant asserts that the police lacked reasonable suspicion to stop the vehicle in which he was an occupant because the 911 call to which the police were responding lacked sufficient information of criminal activity. As relevant here, "[p]olice stops of automobiles in New York State are legal 'when there exists at least a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime' " (People v Bushey, 29 NY3d 158, 164 [2017], quoting People v Spencer, 84 NY2d 749, 753 [1995], cert denied 516 US 905 [1995]). The evidence at the suppression hearing established that police officers were dispatched based on a 911 call reporting a group of people at a specific location, one of whom had been observed getting into a van while possessing "a long gun." The dispatch provided the license plate number of a van in which the group had driven away from the location where they had been seen by the 911 caller. One or two minutes after the dispatch, one of the responding officers located the van in the area. The officer confirmed that the van's license plate number matched the one provided in the dispatch, and he initiated a traffic stop. Contrary to defendant's assertion, "the totality of the information known to the police at the time of the stop of [the van] 'supported a reasonable suspicion of criminal activity . . . [, i.e.,] that quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand' " (People v Andrews, 57 AD3d 1428, 1429 [4th Dept 2008], lv denied 12 NY3d 850 [2009]). In particular, we conclude that the 911 call as relayed in the dispatch "contained sufficient information about defendant['s] unlawful possession of a weapon to create reasonable suspicion" justifying the stop of the van (People v Argyris, 24 NY3d 1138, 1141 [2014], rearg denied 24 NY3d 1211 [2015], cert denied — US &mdash, 136 S Ct 793 [2016]).
Contrary to defendant's further contention, the police officers were " 'entitled to handcuff defendant to effect his nonarrest detention in order to ensure [their] own safety while [they] removed [defendant] to a more suitable location' " (People v Harmon, 170 AD3d 1674, 1675 [4th Dept 2019], lv denied 34 NY3d 932 [2019], quoting People v Allen, 73 NY2d 378, 379 [1989]; see People v Martinez, 147 AD3d 642, 643 [1st Dept 2017], lv denied 29 NY3d 1034 [2017]).
We further reject defendant's contention that he was arrested without probable cause inasmuch as, after defendant exited the van, a police officer's observation of the gun in plain view on the floor of the van "provided probable cause for defendant's arrest" (People v Johnson, 114 AD3d 1132, 1132 [4th Dept 2014], lv denied 24 NY3d 961 [2014]; see People v Fleming, 65 AD3d 702, 704 [2d Dept 2009], lv denied 13 NY3d 907 [2009]).
Finally, even assuming, arguendo, that the court erred in admitting in evidence at trial a recording of the 911 call without making a ruling on whether it was hearsay, we conclude nonetheless that any error is harmless inasmuch as the evidence at trial of defendant's guilt is overwhelming and there is no significant probability that the jury would have acquitted defendant had the recording of the 911 call not been admitted in evidence (see People v Kello, 96 NY2d 740, 743-744 [2001]; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
All concur except Whalen, P.J., who dissents and votes to reverse in accordance with the following memorandum: I respectfully dissent and would reverse the judgment, grant that part of the omnibus motion seeking to suppress evidence arising from the seizure, detention and arrest of defendant, and dismiss the indictment inasmuch as I agree with defendant that the police lacked the requisite reasonable suspicion of criminal activity to stop the vehicle in which he was an occupant. "An anonymous tip cannot provide reasonable suspicion to justify a seizure, except where that tip contains [sufficient] information . . . [such] that the police can test the reliability of the tip" (People v Moore, 6 NY3d 496, 499 [2006]; see People v Argyris, 24 NY3d 1138, 1140-1141 [2014], rearg denied 24 NY3d 1211 [2015], cert denied — US &mdash, 136 S Ct 793 [2016]; see generally Navarette v California, 572 US 393, 397 [2014]). Here, the officer who stopped the vehicle testified at the suppression hearing that he received a dispatch "call for someone [dressed in dark clothing] getting into a van" with a specified license plate and "one of the individuals had a long gun." The contents of the 911 call that prompted the dispatch, however, were never entered into evidence (cf. Argyris, 24 NY3d at 1140; People v Wisniewski, 147 AD3d 1388, 1388 [4th Dept 2017], lv denied 29 NY3d 1038 [2017]), and the People offered no other evidence that would tend to establish, for example, the basis of the 911 caller's knowledge (cf. People v Williams, 126 AD3d 1304, 1305 [4th Dept 2015], lv denied 25 NY3d 1209 [2015]). Thus, "whether evaluated in light of the totality of the circumstances or under the Aguilar—Spinelli framework" (Argyris, 24 NY3d at 1141), the anonymous tip lacked sufficient indicia of reliability to provide the reasonable suspicion of criminality necessary for a lawful stop of the vehicle. I therefore agree with defendant that Supreme Court erred in denying that part of his omnibus motion seeking suppression of the weapon subsequently observed by the officer in the vehicle (see generally People v Arnau, 58 NY2d 27, 32 [1982], cert denied 468 US 1217 [1984]). Further, because my determination would result in the suppression of all evidence in support of the crime charged, I would also dismiss the indictment (see People v Williams, 177 AD3d 1312, 1313 [4th Dept 2019]).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court