People v Shepard (2023 NY Slip Op 00550)

People v Shepard

2023 NY Slip Op 00550

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

832 KA 21-01580

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HORACE SHEPARD, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SUSAN HURLBURT OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered July 30, 2021. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that County Court erred in refusing to suppress, as the product of an unlawful search and seizure following a vehicle stop, a loaded firearm found on his person. We reject that contention.
Defendant contends that the police improperly relied solely on an anonymous tip as the basis for the stop of the vehicle he was driving and thus they lacked the requisite reasonable suspicion for the stop (see generally People v Hinshaw, 35 NY3d 427, 430 [2020]; People v Spencer, 84 NY2d 749, 752-753 [1995], cert denied 516 US 905 [1995]). Assuming, arguendo, that the 911 call to which the officers were responding, concerning a man with a gun, was made by an anonymous caller (see People v Tantao, 178 AD3d 1391, 1393 [4th Dept 2019], lv denied 35 NY3d 945 [2020]; cf. People v Dixon, 289 AD2d 937, 937-938 [4th Dept 2001], lv denied 98 NY2d 637 [2002]), we conclude that the police had reasonable suspicion to stop the vehicle based upon the contents of the 911 call and the confirmatory observations of the police officers involved (see People v Argyris, 24 NY3d 1138, 1140-1141 [2014], rearg denied 24 NY3d 1211 [2015], cert denied 577 US 1069 [2016]; People v Moss, 89 AD3d 1526, 1527 [4th Dept 2011], lv denied 18 NY3d 885 [2012]; see also Prado Navarette v California, 572 US 393, 398-402 [2014]). Specifically, "the report of the 911 caller was based on the contemporaneous observation of conduct that was not concealed" (People v Jeffery, 2 AD3d 1271, 1272 [4th Dept 2003]; see People v Argyris, 99 AD3d 808, 809-810 [2d Dept 2012], affd 24 NY3d 1138 [2014], rearg denied 24 NY3d 1211 [2015], cert denied 577 US 1069 [2016]; see also People v Herold, 282 AD2d 1, 6-7 [1st Dept 2001], lv denied 97 NY2d 682 [2001]), and the call was an excited utterance (see People v Rivera, 84 AD3d 636, 636 [1st Dept 2011], lv denied 17 NY3d 904 [2011]). In addition, when the first officer arrived, the people whom he initially encountered immediately confirmed that a fight had occurred and directed him to the location where the 911 caller was found. The caller remained at the scene, and, in excited utterances made when the first officer approached her, she said at least four times that the suspect had "just" driven off, and she confirmed that she was referring to a particular vehicle. A detective observed defendant driving that vehicle, dressed in clothing that matched the initial 911 description, and stopped the vehicle. We conclude that the caller's statements were sufficiently corroborated by the observations of the police to provide reasonable suspicion for the stop (see Jeffery, 2 AD3d at 1272; cf. People v William II, 98 NY2d 93, 99 [2002]).
Defendant's further contention, that the court erred in declining to reopen the suppression hearing, is "expressly waived" (People v Hamilton, 159 AD3d 559, 559 [1st Dept 2018], lv denied 31 NY3d 1117 [2018]).
Finally, the sentence is not unduly harsh or severe.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court