People v Turner (2023 NY Slip Op 03096)

People v Turner

2023 NY Slip Op 03096

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

120 KA 20-01654

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMAR TURNER, DEFENDANT-APPELLANT. 

KAMAN, BERLOVE, MARAFIOTI, JACOBSTEIN & GOLDMAN, LLP, ROCHESTER (DANIELLE C. WILD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered December 9, 2020. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in refusing to suppress evidence obtained from him during an encounter with the police because the police lacked the requisite reasonable suspicion that he committed a reported burglary to justify his detention and pat frisk, which resulted in the discovery of a handgun. We reject that contention.
According to the evidence presented at the suppression hearing, in the early morning hours while in her residence, a 10-year-old girl (witness) observed a black male inside her bedroom. Later that day, the police were dispatched to the residential address to investigate the reported burglary. While the police were there, the witness returned from a nearby clothing store and told the police that the person who had committed the reported burglary—i.e., the male who had been inside her bedroom earlier that morning—was currently present inside the store, and provided a detailed description of the suspect. The police immediately responded to the store, where they observed a person—later identified as defendant—who matched the description provided by the witness. Following some discussion with defendant, the police eventually detained him and, during a corresponding pat frisk, discovered a handgun in defendant's waistband.
It is well established that when an officer "confronts an individual whom [the officer] reasonably suspects has committed, is committing or is about to commit such a serious and violent crime as . . . burglary, . . . that suspicion not only justifies the detention but also the frisk, thus making it unnecessary to particularize an independent source for the belief of danger" (People v Mack, 26 NY2d 311, 317 [1970], cert denied 400 US 960 [1970]; see People v Moore, 32 NY2d 67, 70 [1973], cert denied 414 US 1011 [1973]; People v Collado, 72 AD3d 614, 615 [1st Dept 2010], lv denied 15 NY3d 850 [2010]; People v Williams, 4 AD3d 852, 852 [4th Dept 2004], lv denied 2 NY3d 809 [2004]; People v Downes, 259 AD2d 424, 424-425 [1st Dept 1999], lv denied 93 NY2d 969 [1999]). The question in this case is thus whether the police had the requisite reasonable suspicion that defendant committed the reported burglary to justify detaining and frisking him in the store. On that question, "[r]egardless of whether we apply a totality of the circumstances test or the Aguilar-Spinelli standard" (People v Argyris, 24 NY3d 1138, 1140 [2014], rearg denied 24 NY3d 1211 [2015], cert denied 577 US 1069 [2016]), we conclude that the detention and frisk of defendant was lawful.
More particularly, with respect to the reliability prong of the Aguilar-Spinelli test, the court properly determined that, despite her age and unsworn hearsay statement recounted by one of the police officers, the 10-year-old witness was "[a]n identified citizen informant" who "is presumed to be personally reliable" (People v Parris, 83 NY2d 342, 350 [1994]; see People v Hetrick, 80 NY2d 344, 349 [1992]; People v Walker, 278 AD2d 852, 852 [4th Dept 2000], lv denied 96 NY2d 869 [2001]). In any event, given the evidence presented at the suppression hearing, including defendant's proximity to the location of the reported burglary and the witness's "detailed and specific" description of the burglary suspect, we conclude that there are "ample indicia of the reliability of [the witness's] statements" (Hetrick, 80 NY2d at 348; see People v Spencer, 257 AD2d 638, 638 [2d Dept 1999], lv denied 93 NY2d 902 [1999]). With respect to the second prong, we note that, "[w]ithout question, [the witness] had a basis of knowledge for her statements, i.e., her personal observation of the events she described" (Hetrick, 80 NY2d at 348). In sum, we conclude that "[t]he evidence in the record establishes that the information provided by the identified citizen informant 'was reliable under the totality of the circumstances, satisfied the two-pronged Aguilar-Spinelli test for the reliability of hearsay tips in this particular context and contained sufficient information about' defendant's commission of the crime of [burglary]" (People v Wisniewski, 147 AD3d 1388, 1388 [4th Dept 2017], lv denied 29 NY3d 1038 [2017], quoting Argyris, 24 NY3d at 1140-1141). The police thus had reasonable suspicion that defendant had committed the "serious and violent crime" of burglary, thereby justifying both the detention and frisk of defendant (Mack, 26 NY2d at 317; see Williams, 4 AD3d at 852; Downes, 259 AD2d at 424-425).
Defendant's additional contention challenging the propriety of the frisk is not preserved for our review inasmuch as he failed to raise that specific contention in his motion papers, at the suppression hearing, or in his written submission as a ground for suppression (see People v Boswell, 197 AD3d 950, 951 [4th Dept 2021], lv denied 37 NY3d 1095 [2021]; People v Burden, 191 AD3d 1260, 1261 [4th Dept 2021], lv denied 37 NY3d 954 [2021]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Next, defendant contends that he is entitled to reversal of the judgment of conviction and dismissal of the indictment because the single statutory offense under which he was charged and convicted (Penal Law § 265.03 [3]) is facially unconstitutional under the Second Amendment of the United States Constitution as interpreted by the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen (— US &mdash, 142 S Ct 2111 [2022]). Although defendant "d[id] not forfeit the right on appeal from the conviction to challenge the constitutionality of the statute under which he was convicted" by pleading guilty (People v Lee, 58 NY2d 491, 493 [1983]) and he has notified the Attorney General of the State of New York pursuant to Executive Law § 71 that he is challenging the constitutionality of the statute on appeal (see People v Tucker, 181 AD3d 103, 105 [4th Dept 2020], cert denied — US &mdash, 141 S Ct 566 [2020]), defendant correctly concedes that his challenge to the constitutionality of the statute is not preserved for our review inasmuch as he failed to raise any such challenge before the trial court (see People v Jacque-Crews, 213 AD3d 1335, 1335-1336 [4th Dept 2023], lv denied 39 NY3d 1111 [2023]; People v Gerow, 85 AD3d 1319, 1320 [3d Dept 2011]; cf. People v Hughes, 22 NY3d 44, 48-49 [2013]; see generally People v Reinard, 134 AD3d 1407, 1409 [4th Dept 2015], lv denied 27 NY3d 1074 [2016], cert denied — US —, 137 S Ct 392 [2016]).
Defendant nonetheless contends that his constitutional challenge to Penal Law § 265.03 (3) is exempt from the preservation requirement by relying on language from People v McLucas (15 NY2d 167 [1965]), in which the Court of Appeals broadly stated that "no exception is necessary to preserve for appellate review a deprivation of a fundamental constitutional right" (id. at 172). Defendant, however, omits from his brief the fact that the Court of Appeals has since clarified that "this sweeping statement [in McLucas] is no longer good law" (People v McLean, 15 NY3d 117, 120 [2010]). Instead, under current law, "[t]he unconstitutionality of a statute is not exempt from the requirement of preservation" (People v Scott, 126 AD3d 645, 646 [1st Dept 2015], lv denied 25 NY3d 1171 [2015]; see People v Iannelli, 69 NY2d 684, 685 [1986], cert denied 482 US 914 [1987]; People v Dozier, 52 NY2d 781, 783 [1980]; People v Thomas, 50 NY2d 467, 473 [1980]). For the reasons stated in People v McWilliams (214 AD3d 1328, 1329-1330 [4th Dept 2023]), we reject defendant's remaining claims that his constitutional challenge to his conviction is exempt from preservation. We decline to exercise our power to review defendant's challenge as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court