■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JENKINS, Appellant. [738 NYS2d 345] —Judgment, Supreme Court, New York County (William Leibovitz, J., at suppression hearing; Micki Scherer, J., at plea and sentence), rendered December 22, 1999, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of 10 years, unanimously affirmed.

Defendant's suppression motion was properly denied. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record (see, People v Prochilo, 41 NY2d 759, 761). The evidence properly credited by the court establishes that, in contrast to Florida v J.L. (529 US 266), the stop and frisk was justified by much more than an anonymous caller's description of defendant, his location and the crime. First, there were three detailed and consistent

anonymous calls regarding a man with a gun and the record discloses there were two callers. Furthermore, as the police approached defendant, in a high-crime area, he made movements that reasonably appeared to be attempts to flee and to conceal an object in his waistband (*see, People v Benjamin*, 51 NY2d 267, 270-271; *People v Clemente*, 195 AD2d 300, *lv denied* 82 NY2d 715). Accordingly, the anonymous information was sufficiently corroborated to establish its reliability with respect to its assertion of defendant's criminality (*see, People v Herold*, 282 AD2d 1). The record fails to support defendant's remaining contention that the police immediately performed a "full-blown" search without first performing a less intrusive frisk. Concur— Nardelli, J.P., Tom, Sullivan, Rubin and Friedman, JJ.