OPINION OF THE COURT
 

 Levine, J.
 

 In the cases before us, the People concede that reasonable suspicion was required to support both the stop and attempted frisk in
 
 People v William II,
 
 and the traffic stop in
 
 People v Rodriguez.
 
 The common issue is whether the facts and infor
 
 *97
 
 mation the police possessed, when coupled with an anonymous tip that a described individual was carrying a gun, established reasonable suspicion for the intrusions. We hold they did not.
 

 In
 
 People v William II,
 
 defendant pleaded guilty to criminal possession of marihuana in the third degree and was adjudicated a youthful offender after County Court denied his motion to suppress evidence seized from his person. The Appellate Division affirmed.
 

 There was evidence at the suppression hearing that the City of Ithaca Police Department received a call from an anonymous tipster indicating that a man named ‘Will” was involved in a recent drive-by shooting. The tipster provided a physical description of Will and indicated that he was in the vicinity of Seneca Street and accompanied by two Caucasian males. The caller cautioned that Will was armed with a weapon.
 

 The call was dispatched to three police officers. One officer spotted a person he knew as Will Cruz with two Caucasian companions, one of whom was defendant William II. Cruz matched the physical description given by the anonymous caller. The officer approached the group in a parking lot and, although Cruz was dressed in a manner that would not permit concealment of a weapon, the officer told Cruz to place his hands on a police car to be frisked. A plainclothes officer approached the others and ordered them to face his unmarked car.
 

 The suppression court made two critical findings about the events following the police command. First, the court found that William II “fled
 
 instead of submitting to
 
 an inquiry by police and
 
 a frisk of his person”
 
 (emphasis supplied). Second, the court determined that the officer who ordered defendant William II to face the police car “had
 
 no reason to believe
 
 that [William II] had been handed the weapon by [Cruz] but felt that there had been enough time for that to happen” (emphasis supplied). William II was ultimately apprehended by the police during flight, and a search of his backpack disclosed a quantity of marihuana and drug paraphernalia.
 

 In
 
 People v Rodriguez,
 
 defendant was convicted of criminal possession of a weapon in the third degree. Following a hearing, Supreme Court denied his motion to suppress a gun recovered in connection with a traffic stop of the vehicle in which he was a passenger. The Appellate Division reversed.
 

 There was evidence adduced at the suppression hearing that three New York City police officers on patrol in an unmarked
 
 *98
 
 police car in Queens received a radio transmission of a report that a person in a particular area of their precinct — described as a light-skinned male Hispanic, in his twenties, with black hair, wearing a black-and-white checkered shirt and jeans— was carrying a gun. The officers were unable to respond immediately because they were not in the vicinity.
 

 About two hours later, however, they observed defendant Luis Rodriguez, who appeared to match the description, standing in front of a grocery store. As the officers watched, a Lincoln Town Car pulled up. Rodriguez got into the back seat of the car and the officers followed as the vehicle drove away. After the car turned, the officers activated their flashing light and police siren, and the vehicle pulled over. As the officers approached, defendant was observed dropping a gun from the car window. The officers removed Rodriguez from the car, searched him and placed him under arrest.
 

 Analysis
 

 In determining whether a search and seizure is reasonable, courts must undertake a dual inquiry: “whether the officer’s action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place”
 
 (Terry v Ohio,
 
 392 US 1, 20 [1968];
 
 see People v De Bour,
 
 40 NY2d 210, 215 [1976]). Where a police encounter is not justified in its inception, it cannot be validated by a subsequently acquired suspicion
 
 (see People v McIntosh,
 
 96 NY2d 521, 527 [2001];
 
 People v De Bour,
 
 40 NY2d at 215-216).
 

 As already noted, the People in each of these cases concede that the police intrusions were justifiable in their inception only if the facts known by the police at the time supported a reasonable suspicion of criminal activity. Reasonable suspicion is “that ‘quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand’ ”
 
 (People v Martinez,
 
 80 NY2d 444, 448 [1992] [quoting
 
 People v Cantor,
 
 36 NY2d 106, 112-113 (1975)]).
 

 The facts in both these cases resemble
 
 Florida v J.L.
 
 (529 US 266 [2000]), an anonymous tipster case that is particularly instructive here. In
 
 J.L.,
 
 Miami-Dade police officers stopped and frisked the defendant after receiving an anonymous tip that a young black male was standing at a particular bus stop, wearing a plaid shirt and carrying a gun. While the defendant matched the general description provided in the tip, the offi
 
 *99
 
 cers had no additional reason to suspect him or his companions of illegal activity. The state contended that the tip was reliable and provided reasonable suspicion because the defendant matched the detailed description of the subject’s visible attributes.
 

 The United States Supreme Court held, however, that the tipster’s reliability would be demonstrated only if the suspect subsequently engaged in actions, preferably suggestive of concealed criminal activity, which the anonymous tip predicted in detail (see
 
 id.
 
 at 271-272). The Court explained that reasonable suspicion “requires that a tip be reliable in its assertion of illegality, not just in its tendency to identify a determinate person”
 
 (id.
 
 at 272). Inasmuch as the police frisked the defendant based only on the anonymous tip, the Court held that evidence to support reasonable suspicion was lacking
 
 (see id.
 
 at 271).
 

 Under the requirements of
 
 Florida v J.L.,
 
 the police did not have reasonable suspicion to subject William II to a
 
 Terry
 
 stop and frisk. The police approached and frisked his companion, Cruz, based only on the anonymous tip describing Cruz’s readily observable characteristics and indicating that he was involved in a recent crime. The tip not only lacked predictive information that would permit the police to test the caller’s knowledge, but was also rendered suspect when directly contradicted by the police officer’s observation that Cruz was not dressed in a manner that would permit him to conceal a weapon on his person. Further, the anonymous tip did not identify defendant, nor did it provide any relevant information to suggest that he possessed a weapon or that he had engaged in any criminal activity. Critically, County Court found that the police had no reason to believe that Cruz, the subject of the tip, had handed defendant the weapon. Accordingly, evidence to support reasonable suspicion for attempting to frisk defendant was lacking.
 

 Similarly, in
 
 Rodriguez,
 
 the only basis for reasonable suspicion advanced before the suppression court for stopping the vehicle in which defendant was a passenger was that he matched the physical description provided by an anonymous tipster.
 
 *
 
 Without more, the tip could not provide reasonable suspicion to stop the car. Moreover, there is evidence in the
 
 *100
 
 record to support the Appellate Division’s determination that the gun cannot be deemed to have been abandoned
 
 (see People v Ramirez-Portoreal,
 
 88 NY2d 99, 110 [1996];
 
 People v Boodle,
 
 47 NY2d 398, 403-405,
 
 cert denied
 
 444 US 969 [1979]).
 

 Accordingly, the order of the Appellate Division should be reversed in
 
 People v William II,
 
 defendant’s guilty plea vacated, the motion to suppress granted and the indictment dismissed; in
 
 People v Rodriguez,
 
 the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 In
 
 People v William II:
 
 Order reversed, defendant’s motion to suppress granted and indictment dismissed.
 

 In
 
 People v Rodriguez:
 
 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed.
 

 *
 

 The People’s assertion that the officers stopped the vehicle out of concern for the livery cab driver’s safety is contradicted by the testimony of the
 
 *100
 
 People’s only witness at the suppression hearing. In response to questioning, the witness, one of the arresting officers, stated:
 

 “Q When you first started following the car, did you have any reason to believe this was a gypsy cab?
 

 “A At that time, no.
 

 “Q And when you first stopped the vehicle, you did not know at that time it was a gypsy cab, did you?
 

 “A
 
 No.”