■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RANGEL, Appellant. [748 NYS2d 354] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered February 9, 2000, convicting defendant, upon his plea of guilty,

of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously reversed, on the law, the judgment vacated and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30-day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

Defendant appeals from the denial of his motion to suppress physical evidence recovered during his arrest. The evidence at defendant's suppression hearing established that the police received two successive radio calls, the first stating that a male Hispanic with a gun, wearing a pink T-shirt, gray hat and gray pants, was at the corner of 110th Street and Lexington Avenue, and the second repeating the suspect's description and reporting that the man had a gun and heroin in his hat. The evidence established that both calls were precipitated by anonymous 911 calls from a single person who refused to identify himself.

Upon spotting defendant at Lexington Avenue between 110th and 111th Streets, one officer told defendant to put his hands in the air, after which he "started making like shuffling moves." The officer then frisked defendant, eventually recovering multiple glassines of alleged heroin from his hat. The motion court denied suppression, finding the stop and frisk justified by the specificity of the description. Following the court's suppression ruling, defendant entered a guilty plea.

On appeal, defendant argues that the United States Supreme Court's decision in *Florida v J.L.* (529 US 266), handed down approximately two months after the suppression ruling in this case, mandates that suppression be granted and the indictment dismissed. As the People commendably concede, the facts in the instant case are not distinguishable from those in *Florida v J.L.* (*supra*) and the holding in that case dictates the outcome here.

In *Florida v J.L.* (*supra* at 268), the Supreme Court held that an anonymous tip that a described person is carrying a gun, without more, is insufficient to justify a stop and frisk. The Court explained that reasonable suspicion "requires that a tip be reliable in its assertion of illegality, not just in its tendency to identify a determinate person." (*Id.* at 272.) As the tip in the present case fails to meet this requirement, suppression is mandated (*see People v William II*, 98 NY2d 93). Concur— Wallach, J.P., Lerner, Rubin, Friedman and Gonzalez, JJ.