■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BRAUN, Appellant. [750 NYS2d 58] —Judgment, Supreme Court, New York County (Charles Solomon, J., at suppression hearing, Martin Rettinger, J., at trial), rendered April 21, 1998, convicting defendant, after a jury trial, of burglary in the third degree and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously reversed, on the law, the motion to suppress granted, and the indictment dismissed.

At 3:04 A.M. on May 2, 1997, an anonymous 911 caller reported that she had just witnessed a storefront burglary on Third Avenue near 32nd Street in Manhattan. The tipster, whose call was recorded, indicated that she had spoken to the burglar and described him as a black man wearing a dark colored baseball hat, a dark long-sleeved shirt, and jeans. Two minutes later, at 3:06 A.M., defendant, who fit the tipster's description, was stopped by the police officers at the intersection of 34th Street and Third Avenue. The officers directed defendant to lie down on the ground and searched the bag he had been carrying, in which they found two flashlights, several locks and a utility knife, all in their original packaging. The

police subsequently confirmed that a break-in had occurred at a nearby locksmith's shop, and defendant was charged with committing the burglary. Defendant's motion to suppress the evidence found in his bag was denied, and he was convicted after trial.

It is uncontroverted that, apart from the information relayed by the anonymous tip, the arresting officers lacked reasonable suspicion to stop or search defendant when they first encountered him (*see People v De Bour*, 40 NY2d 210). Accordingly, we are constrained to reverse by recent precedent authoritatively holding that an anonymous tip alleging that a described person has engaged in criminal activity, unless corroborated so as to render it "reliable in its assertion of illegality, not just in its tendency to identify a determinate person," does not create reasonable suspicion sufficient to justify a stop and frisk (*People v William II*, 98 NY2d 93, 99, quoting *Florida v J.L.*, 529 US 266, 272). In *William II*, our Court of Appeals, following the Supreme Court's *J.L.* decision, held that officers did not have reasonable suspicion to stop individuals based on anonymous tips describing persons alleged to have engaged in criminal activity, where, although the stopped individuals fit the tipsters' descriptions, the allegations of criminality were uncorroborated by the officers' direct observation either of movements predicted by the tipster, or of conduct or other circumstances suggestive of criminal activity (*see also People v Rangel*, 298 AD2d 139 [People conceded that drugs should be suppressed, where, as here, there was no corroboration of an anonymous tip]; *cf. People v Jenkins*, 292 AD2d 188; *People v Herold*, 282 AD2d 1, *lv denied* 97 NY2d 682; *see United States v Colon*, 250 F3d 130, 135-138, *revg* 111 F Supp 2d 439; *cf. People v Rosario*, 78 NY2d 583, 588-589, *cert denied* 502 US 1109). Concur—Saxe, J.P., Buckley, Lerner, Friedman and Marlow, JJ.