■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE RIVERA, Appellant. [756 NYS2d 1] —Judgment, Supreme

Court, Bronx County (William Donnino, J., at suppression hearing; Margaret Clancy, J., at jury trial and sentence), rendered December 1, 2000, convicting defendant of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. The record supports the hearing court's findings that the police had reasonable suspicion upon which to detain defendant, and that prior to the time they frisked him and recovered stolen property from his person, they had acquired probable cause to arrest him, or, at least, reasonable suspicion to warrant a self-protective frisk.

Defendant and his codefendant met a radioed description of two burglary suspects and were observed by the police as they emerged from the building where the burglary had just occurred. The description was sufficiently specific to warrant the conclusion that the two men were the suspects, given the spatial and temporal factors. In contrast to *Florida v J.L.* (529 US 266), the police actions were supported by considerably more than an anonymous call (*see People v Jenkins*, 292 AD2d 188, *lv denied* 98 NY2d 711; *People v Herold*, 282 AD2d 1, *lv denied* 97 NY2d 682). The suspects fled upon being simply directed to stop (*see People v Bora*, 83 NY2d 531), and when the police finally caught up to them, they were not immediately frisked, but were asked questions that produced patently false and evasive answers from both of them. Moreover, defendant was not frisked until after the police had recovered a knife from the codefendant and noticed a suspicious bulge in defendant's pocket. The burglary victim immediately arrived and identified her property, as well as identifying defendant and the codefendant as the burglars. Accordingly, the court properly denied suppression of any physical evidence, statements or identification testimony as fruits of an unlawful seizure.

We have considered and rejected defendant's remaining arguments. Concur—Andrias, J.P., Ellerin, Lerner, Friedman and Marlow, JJ.