People v Floyd (2019 NY Slip Op 02546)





People v Floyd


2019 NY Slip Op 02546


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2014-02093
 (Ind. No. 8556/11)

[*1]The People of the State of New York, respondent,
v
Andre Floyd, appellant.


Paul Skip Laisure, New York, NY (De Nice Powell of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Arieh Schulman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah Dowling, J.), rendered February 21, 2014, convicting him of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, and a new trial is ordered.
On October 2, 2011, the defendant entered a residence at 41 Pilling Street in Brooklyn, where he shot and killed one person (hereinafter the deceased victim), and shot another individual, before fleeing the scene. In a sworn statement to police, the defendant stated that when he pulled the gun from his pocket, the deceased victim grabbed the gun, causing it to fire inadvertently. On appeal, the defendant argues that the verdict of guilt on the count of murder in the second degree (Penal Law § 125.25[1]) was against the weight of the evidence, because there were no eyewitnesses to the shooting and he said in his statement that the shooting was accidental.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on the count of murder in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643). The evidence presented at trial supported a finding that the defendant intended to kill the deceased victim. "Intent may be inferred from a defendant's conduct, as well as the circumstances surrounding the crime" (People v Moore, 118 AD3d 916, 917; see People v Pickens, 60 AD3d 699, 700; People v Bell, 44 AD3d 1065, 1065; People v Santana, 163 AD2d 495, 496, affd 78 NY2d 1027). Here, the defendant's homicidal intent could be inferred from the fact that he was armed with a .357 caliber Smith & Wesson revolver, which he fired at the deceased victim twice, that he continued to chase the deceased victim after that victim was shot, and that he shot the surviving victim five times, including in the back (see People v Simcoe, 75 AD3d 1107, 1108; People v Cobb, 72 AD3d 1565; [*2]People v Bell, 44 AD3d at 1065; People v Tyler, 43 AD3d 633, 634; People v Caruso, 34 AD3d 863, 864).
The defendant also contends that the Supreme Court erred in denying that branch of his omnibus motion which was to suppress physical evidence, specifically the .357 caliber Smith & Wesson revolver. At the suppression hearing, the People presented testimony from a police sergeant that on October 4, 2011, he received an anonymous tip of a possible larceny/burglary involving four to five males "suspiciously" going in and out of a U-Haul truck in the Bronx. The individuals were described as black and Hispanic males between the ages of 15 to 22, and the tipster reported that some of the individuals' clothing included a "[b]rown hoodie, [a] red hoodie and a black sweatshirt." The sergeant testified that when he arrived at the reported location, he did not observe a U-Haul truck. However, he later saw a U-Haul truck driving on Bronx River Avenue, and his partner noted that the driver was a black male wearing a brown hoodie. The sergeant and his partner pulled over the U-Haul truck, in which the defendant was a passenger, and the officers later recovered the gun from the truck.
"It is fundamental that in order to stop a vehicle the police must have a reasonable suspicion, based on objective evidence, that the occupants were involved in a felony or misdemeanor" (People v Figueroa, 38 AD3d 796, 797 [internal quotation marks omitted]). "Unlike a tip from a known informant whose reputation can be assessed and who can be held responsible if her [or his] allegations turned out to be fabricated, an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity'" (Florida v J.L., 529 US 266, 270 [citation omitted], quoting Alabama v White, 496 US 325, 329). "[H]owever, there are situations in which an anonymous tip, suitably corroborated, exhibits sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop'" (Florida v J.L., 529 US at 270, quoting Alabama v White, 496 US at 327). "Even a reliable tip will justify an investigative stop only if it creates reasonable suspicion that criminal activity may be afoot" (Navarette v California, 572 US 393, 401 [internal quotation marks omitted]).
Here, the police lacked reasonable suspicion to stop the vehicle based only on the anonymous tip of men "suspiciously" going in and out of a U-Haul truck, because the tip was insufficient to create reasonable suspicion that the individuals described were engaging in criminal activity (see id.). The characteristics described in the anonymous tip were readily observable, and the behavior of the individuals described in the tip was consistent with the ordinary use of a U-Haul truck, as the tipster failed to identify what made the behavior suspicious for burglary (see People v William II, 98 NY2d 93, 99). Additionally, the tip "lacked predictive information" and was uncorroborated by the officers, as the U-Haul truck was not at the reported location when the officers arrived (id.; see People v Braun, 299 AD2d 246, 246-247). Accordingly, the information that the police received from the anonymous informant, even coupled with the officers' own observations, did not provide them with reasonable suspicion to make an investigatory stop (see Florida v J.L., 529 US at 270).
Therefore, that branch of the defendant's motion which was to suppress the firearm should have been granted, and the defendant is entitled to a new trial.
BALKIN, J.P., CHAMBERS, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court