People v Walls (2021 NY Slip Op 04949)

People v Walls

2021 NY Slip Op 04949 [37 NY3d 987]

September 2, 2021

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, October 6, 2021

[*1]

The People of the State of New York, Respondent,
v
John W. Walls, Appellant.

Decided September 2, 2021

People v Walls, 187 AD3d 1527, reversed.

APPEARANCES OF COUNSEL

Timothy P. Donaher, Public Defender, Rochester (A. Vincent Buzard of counsel), for appellant.
Sandra Doorley, District Attorney, Rochester (Daniel Gross of counsel), for respondent.

{**37 NY3d at 988} OPINION OF THE COURT

Memorandum.
The order of the Appellate Division should be reversed, defendant's motion to suppress granted, and the indictment dismissed.
Defendant John W. Walls challenges the denial of his motion to suppress a firearm found during the stop of a vehicle in which he was a passenger. He argues correctly that the People failed to present sufficient evidence at the motion hearing to justify the stop.
As relevant here, a vehicle stop in New York is legal "when there exists at least a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime" (People v Bushey, 29 NY3d 158, 164 [2017] [citation omitted]; see also Terry v Ohio, 392 US 1, 21-22 [1968]; People v De Bour, 40 NY2d 210, 223 [1976]). Where a defendant moves to suppress evidence recovered during a search, the People bear "the burden of going forward to show the legality of the police conduct in the first instance" (People v Berrios, 28 NY2d 361, 367 [1971] [internal quotation marks, emphasis and citation omitted]).{**37 NY3d at 989}
[1, 2] At the hearing on defendant's motion, the People relied solely on the testimony of the police officer who effected the stop. The officer identified the van using information given to him by the police dispatcher, i.e., the license plate and travel direction. The officer admitted that he did not observe any traffic infractions or any conduct suggestive of criminality prior to the stop. Rather, the officer's only justification for the stop was the dispatcher's report that a 911 caller had asserted that one of the vehicle's occupants possessed a "long gun." Initially, defendant [*2]claims that the stop was invalid because possession of a "long gun" is lawful in New York. We reject that claim as meritless (see Penal Law § 265.00 [22]). However, the People failed to introduce the 911 recording, failed to introduce any evidence indicating whether the 911 caller was an identified citizen informant or an anonymous tipster, and failed to offer any explanation of the basis of the caller's knowledge. In sum, the People put forward no relevant information concerning the circumstances surrounding the call at the hearing. Contrary to the People's suggestion that an appellate court can consider evidence subsequently admitted at trial to justify affirmance of an order denying suppression, "the propriety of the denial must be judged on the evidence before the suppression court" (People v Gonzalez, 55 NY2d 720, 721-722 [1981]). Therefore, on the record of the suppression hearing, "whether evaluated in light of the totality of the circumstances or under the Aguilar-Spinelli framework, the reliability of the tip was not established" (People v Argyris, 24 NY3d 1138, 1141 [2014]). Accordingly, the People's evidence was insufficient to justify the stop and, absent evidence of the weapon, the indictment should be dismissed (see People v Pines, 99 NY2d 525, 527 [2002]).
Chief Judge DiFiore and Judges Rivera, Fahey, Garcia, Wilson, Singas and Cannataro concur.
On review of submissions pursuant to Rules of the Court of Appeals (22 NYCRR) § 500.11, order reversed, defendant's motion to suppress granted and indictment dismissed, in a memorandum.