People v Ponce (2022 NY Slip Op 01706)





People v Ponce


2022 NY Slip Op 01706


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, AND WINSLOW, JJ.


1101 KA 19-01150

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSE PONCE, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered May 8, 2019. The judgment convicted defendant upon a plea of guilty of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the omnibus motion seeking to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to Supreme Court, Onondaga County, for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). Defendant contends that Supreme Court erred in refusing to suppress physical evidence arising from an allegedly unlawful seizure. We agree.
Defendant asserts that the stop of the vehicle in which he was a passenger was unlawful because the 911 call to which police responded failed to provide reasonable suspicion that defendant, who had outstanding arrest warrants, was either the driver or occupant of the vehicle. As relevant here, "a vehicle stop in New York is legal when there exists at least a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime" (People v Walls, 37 NY3d 987, 988 [2021] [internal quotation marks omitted]). "Where a defendant moves to suppress evidence recovered during a search, the People bear the burden of going forward to show the legality of the police conduct in the first instance" (id. [internal quotation marks omitted]). The United States Supreme Court has "recognized . . . [that] there are situations in which an anonymous tip, sufficiently corroborated, exhibits 'sufficient indicia of reliability to provide reasonable suspicion to make [an] investigatory stop' " (Florida v J.L., 529 US 266, 270 [2000], quoting Alabama v White, 496 US 325, 327 [1990]). However, "[s]ince an anonymous tip 'seldom demonstrates the informant's basis of knowledge or veracity,' it can only give rise to reasonable suspicion if accompanied by sufficient indicia of reliability" (People v Brown, 172 AD3d 41, 42 [1st Dept 2019], lv denied 33 NY3d 1067 [2019], quoting J.L., 529 US at 270). The anonymous tip must be reliable, not only "in its assertion of illegality," but also "in its tendency to identify a determinate person" (J.L., 529 US at 272).
The evidence at the suppression hearing established that police officers were dispatched based on an anonymous tip that defendant was in a specific vehicle at a specific location. However, when police responded to the area, neither defendant nor the vehicle was present. Over 3½ hours later, officers observed the vehicle and two individuals inside. The only officer to testify at the suppression hearing admitted that he could not determine whether the occupants of the vehicle were male or female, let alone whether one of them was defendant. Further, the vehicle was not registered to defendant. Nevertheless, the officers activated their emergency [*2]lights and attempted to stop the vehicle. After a brief pursuit, the driver of the vehicle lost control, and the vehicle struck a parked car and a stop sign before coming to rest against a fence. Defendant exited the front passenger door and attempted to flee before being restrained a few feet away. A loaded firearm was observed in plain sight on the driver's side floorboard.
We agree with defendant that the totality of the information known to the police at the time of the stop of the vehicle did not provide the reasonable suspicion necessary to believe that defendant was either the driver or an occupant of the vehicle (see J.L., 529 US at 272; Walls, 37 NY3d at 989). We therefore conclude that "the People's evidence was insufficient to justify the stop and [that], absent evidence of the weapon, the indictment should be dismissed" (Walls, 37 NY3d at 989).
Defendant's remaining contention is academic in light of our determination.
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court