People v Vazquez (2022 NY Slip Op 07461)

People v Vazquez

2022 NY Slip Op 07461

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2018-06186
 (Ind. No. 2355/16)

[*1]The People of the State of New York, respondent,
v
Anthony Vazquez, appellant.

Twyla Carter, New York, NY (Ronald Zapata of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Benjamin N. Costanza of counsel; Shelbire Pierre Paul on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles S. Lopresto, J.), rendered April 17, 2018, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal from the judgment brings up for review the denial, after a hearing (Robert C. Kohm, J.), of those branches of the defendant's omnibus motion which were to suppress certain identification evidence, physical evidence, and his statements to law enforcement officials.
ORDERED that the judgment is reversed, on the law, the plea is vacated, those branches of the defendant's omnibus motion which were to suppress certain identification evidence, physical evidence, and his statements to law enforcement officials are granted, the count of the indictment charging the defendant with false personation is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the remaining counts of the indictment.
The defendant was charged with robbery in the second degree, criminal possession of a weapon in the third degree, assault in the third degree, menacing in the second degree, criminal mischief in the fourth degree, and criminal possession of stolen property in the fifth degree, upon allegations that on July 4, 2016, he and other unapprehended individuals robbed a gas station at knifepoint. He was additionally charged with false personation based on an allegation that he provided a false name and date of birth to police after his arrest.
The defendant moved, inter alia, to suppress evidence of positive showup identifications made by two complaining witnesses shortly after the robbery, physical evidence, including a knife and apparently stolen goods recovered from the defendant's person upon his arrest following the showup identifications, and the false statements concerning his identity the defendant made to law enforcement officials at the precinct. After a hearing at which the People presented testimony of the law enforcement officials who conducted the showup identification, arrested the defendant, and processed the defendant at the precinct following his arrest, the Supreme Court denied suppression of all three categories of evidence. Upon the defendant's subsequent plea of guilty to robbery in the second degree, the court imposed sentence. The defendant appeals.
"On a motion to suppress, the People bear the burden of going forward to establish the legality of police conduct in the first instance" (People v Brown, 198 AD3d 803, 805; see People v Berrios, 28 NY2d 361, 367). "Where a police encounter is not justified in its inception, it cannot be validated by a subsequently acquired suspicion" (People v William II, 98 NY2d 93, 98; see People v McIntosh, 96 NY2d 521, 527; People v De Bour, 40 NY2d 210, 215). Here, at the suppression hearing, the People failed to present any evidence establishing the basis for the police to have made the initial stop of the defendant. Thus, the People failed to carry their burden of establishing the legality of police conduct in the first instance, and all evidence recovered as a result of the unlawful stop must be suppressed (see People v Harris, 192 AD3d 151, 165-166).
Consequently, as the People correctly concede, the Supreme Court erred in denying those branches of the defendant's omnibus motion which were to suppress evidence of the showup identifications and the physical evidence recovered from his person upon his arrest. For this same reason, the court also erred in denying that branch of the defendant's omnibus motion which was to suppress his incriminating post-arrest statements to law enforcement officials.
Without this evidence, the defendant's conviction of false personation was not supported by legally sufficient evidence to establish his guilt of that count beyond a reasonable doubt. Accordingly, the count of the indictment charging the defendant with false personation must therefore be dismissed (see People v Jones, 164 AD3d 1363, 1366), and we otherwise reverse the judgment, vacate the defendant's plea of guilty, and remit the matter to the Supreme Court, Queens County, for further proceedings on the remaining counts of the indictment.
In light of our determination, we need not reach the defendant's contention in the alternative that he was deprived of the effective assistance of counsel.
CONNOLLY, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court