People v Lawson (2024 NY Slip Op 06238)

People v Lawson

2024 NY Slip Op 06238

Decided on December 12, 2024

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 12, 2024

No. 123

[*1]The People & c., Respondent,
v
Cleveland Lawson, a/k/a Emanuel Marks, Appellant.

Ivan Pantoja, for appellant. 
Jared Wolkowitz, for respondent. 

MEMORANDUM:
 The order of the Appellate Term should be reversed and the accusatory instrument dismissed.
In 2017, defendant Cleveland Lawson [FN1]
made two U-turns in Manhattan and was stopped by a New York City Police Department officer in a patrol car. The officer asked defendant for his license, and after observing signs of intoxication, administered a breath test.
Arguing that the stop was unlawful, defendant moved to suppress all evidence resulting from it, including the test results. At the suppression hearing, the officer testified that he stopped defendant because he believed U-turns were not permissible in the area. On cross-examination, defense counsel asked the officer for the basis of his belief. The officer replied, "Just vehicle traffic laws," and admitted he did not know the section "off the top of [his] head." After both parties questioned the officer, the court asked from which lanes defendant turned and whether the area was [*2]residential or commercial. Upon the conclusion of the officer's testimony, defense counsel argued U-turns were legal unless prohibited and cited to certain rules governing U-turns. The court then noted that it was illegal to make a U-turn in a business district in New York City and cited Vehicle and Traffic Law (VTL) § 105 for the definition of a business district. The People argued that there were enough businesses in the area to qualify the area as a business district, but had presented no evidence sufficient to show that the area was within a business district. The court suppressed the evidence, holding the People had failed to show the illegality of the turns.
After the court's ruling, the People requested to call another witness to establish the area was a business district. The court characterized the People's request as an application to reopen the hearing and denied it, explaining that "[y]ou had your chance to meet your burden. The same statutes have been on the books forever." One month later, the People moved for reargument. The People posited that the rules governing U-turns in New York City were "far more complex" than they had understood at the time of the hearing and noted that the New York City Department of Transportation Traffic Rule 4-07 (h) (2) prohibited U-turns on all divided highways (see Rules of City of NY Dept of Transportation [34 RCNY] § 4-07 [h] [1], [2]). The People argued that the officer's testimony, which had mentioned the road defendant was driving on had a median, sufficiently established that the U-turns were not permitted. Defendant opposed and argued the People could not use a motion for reargument to present the court with new arguments as to why the stop was lawful. The suppression court granted the People's motion to reargue and, on this new basis, held the stop was lawful and denied defendant's suppression motion. Defendant thereafter pleaded guilty to driving while intoxicated and was sentenced to 40 days in jail. 
On appeal, the Appellate Term affirmed the judgment (78 Misc 3d 131[A], 2023 NY Slip Op 50342[U] [App Term, 1st Dept 2023]). The Appellate Term held that the suppression court had inherent authority to vacate its initial suppression ruling (see id. at *1). A Judge of this Court granted defendant leave to appeal (40 NY3d 998 [2023]). 
Our caselaw makes clear that, if the People have had a full and fair opportunity to oppose suppression, and the suppression court has issued a ruling on the merits, the People may not have an additional "opportunity to shore up their evidentiary or legal position" (People v Kevin W. 22 NY3d 287, 289 [2013]; see People v Havelka, 45 NY2d 636, 642-644 [1987]; People v Bryant, 37 NY2d 208, 211 [1975] [there is "no justification () to afford the People a second chance to succeed where once they had tried and failed"]; see also People v Cook, 34 NY3d 412, 417-418). Under the circumstances of this case, where the People were unprepared for the suppression hearing and sought to reargue the legal issue to remedy their lack of preparedness, the same principle should apply. 
At a suppression hearing, the People bear the burden of showing the legality of the police conduct in the first instance (see People v Walls, 37 NY3d 987, 988 [2021]). Here, the court granted defendant's motion for suppression because the People failed to demonstrate that defendant's U-turns were illegal and therefore that the stop was lawful. Neither the Assistant District Attorney nor the arresting officer could identify any traffic law provision violated by defendant. Moreover, the People did not request a recess or adjournment to determine the statutory basis for the stop, nor did they request permission to furnish a post-hearing submission to identify any relevant provision of law. Instead, the People returned a month after the court granted suppression, offering a different legal theory that they had not raised at the original suppression hearing. On that new legal theory, the court changed course and denied defendant's motion to suppress. 
Of course, "[b]efore sentence is imposed, trial courts in criminal cases have the general inherent authority to correct their own mistakes" (Matter of Van Leer-Greenberg v Massaro, 87 NY2d 996, 998 [1996]; see also Kevin W., 22 NY3d at 295), which may include granting leave to reargue. Although the People may be permitted to reargue the legal or factual issues of the suppression proceedings, allowing the suppression court to grant the People's motion to reargue in these circumstances would run afoul of our "full and fair opportunity" principle and the policies of finality and judicial efficiency underlying it.
Order reversed and accusatory instrument dismissed, in a memorandum. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.
Decided December 12, 2024

Footnotes

Footnote 1:During the traffic stop, defendant gave the officer a fake driver's license bearing the name "Cleveland Lawson," and the instant case proceeded against him under that name. Defendant's actual name is Emanuel Marks.