People v Meraluna (2025 NY Slip Op 01109)

People v Meraluna

2025 NY Slip Op 01109

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-04750
 (Ind. No. 71009/22)

[*1]The People of the State of New York, appellant,
v
Ivanyeli Meraluna, respondent.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Charles T. Pollak, Jaedon J. Huie, and Ronald Eniclerico of counsel), for appellant.
Garnett H. Sullivan, South Hempstead, NY, for respondent.

DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Queens County (Frances Y. Wang, J.), dated January 30, 2023. The order, insofar as appealed from, upon reargument, adhered to the original determination in an order of the same court dated December 15, 2022, granting, after a hearing, that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the order dated January 30, 2023, is affirmed insofar as appealed from.
The defendant was indicted on various charges, including criminal possession of a weapon in the second degree and criminal possession of a weapon in the fourth degree after police officers recovered a loaded firearm and a knife during an inventory search of a vehicle that the defendant was driving at the time of her arrest. The defendant moved, inter alia, to suppress the physical evidence. At a suppression hearing, a police officer testified that on February 11, 2022, he and his partner went to a residence in Queens in response to a radio transmission of a possible burglary in progress after a neighbor reported seeing two male individuals entering the rear of the residence. The officers arrived within two minutes of receiving the radio transmission and parked on the street in front of the residence. A white Ford Explorer with tinted windows was parked on the street behind them, approximately 15 feet away from the driveway to the residence. As soon as the officers exited their vehicle, the Ford Explorer backed out and drove away. The officers got into their vehicle and pursued the Ford Explorer with their lights and sirens activated, believing that it was connected to the reported burglary. Eventually, police officers stopped the vehicle and arrested its sole occupant, the defendant. Pursuant to an inventory search of the vehicle, officers recovered a knife and a loaded firearm.
In opposition to that branch of the defendant's omnibus motion which was to suppress the physical evidence, the People contended that the initial pursuit of the Ford Explorer was justified because the police officers had reasonable suspicion to believe that it was involved with the reported burglary as it had "fled" the scene. In an order dated December 15, 2022, the Supreme Court granted that branch of the defendant's omnibus motion which was to suppress the physical evidence, finding that the police officers lacked reasonable suspicion to stop the defendant's vehicle. The People moved for leave to reargue their opposition to that branch of the defendant's omnibus motion. In an order dated January 30, 2023, the court granted reargument and adhered to its original determination. The People appeal.
On a motion to suppress physical evidence, the People have the burden of establishing that the police conduct was legal in the first instance (see People v Messano, 41 NY3d 228, 233; People v Walls, 37 NY3d 987, 988). "It is fundamental that in order to stop a vehicle the police must have a reasonable suspicion, based on objective evidence, that the occupants were involved in a felony or misdemeanor" (People v Ahmad, 193 AD3d 961, 962 [internal quotation marks omitted]; see People v Harrison, 57 NY2d 470, 476; People v Walls, 37 NY3d at 988). Reasonable suspicion has been defined as "that quantum of knowledge sufficient to induce an ordinarily prudent and cautious person under the circumstances to believe criminal activity is at hand" (People v Martinez, 80 NY2d 444, 448 [alterations and internal quotation marks omitted]; see People v Messano, 41 NY3d at 232). "It may not rest on equivocal or innocuous behavior that is susceptible of an innocent as well as a culpable interpretation" (People v Messano, 41 NY3d at 232 [internal quotation marks omitted]). A suspect's "[f]light alone, . . . or even in conjunction with equivocal circumstances that might justify a police request for information is insufficient to justify pursuit" (People v Holmes, 81 NY2d 1056, 1058 [internal citations omitted]; see People v Rhames, 196 AD3d 510, 512).
Here, the People failed to establish that the officers had reasonable suspicion to believe that the defendant was engaged in or about to engage in criminal activity at the time that she drove away from the scene of the reported burglary. The radio transmission described two males entering the rear of the residence and did not describe any vehicle or a third person being involved. The surrounding circumstances, including the officers' general knowledge of burglaries in the area, were insufficient to establish that the police had a reasonable suspicion that the occupant of the Ford Explorer was involved in a crime (see People v Ahmad, 193 AD3d at 962; People v Bailey, 164 AD3d 815, 817).
The People's remaining contention was improperly raised for the first time on reargument.
BRATHWAITE NELSON, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court