People v Alberto

2026 NY Slip Op 01976

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Andre Alberto, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2022-08973, (Ind. No. 8226/17)

Valerie Brathwaite Nelson, J.P.

Paul Wooten

Janice A. Taylor

Elena Goldberg Velazquez, JJ.

Twyla Carter, New York, NY (Samuel Barr of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Evan A. Esswein of counsel),f or respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered October 26, 2022, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Jill Konviser, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

ORDERED that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed insofar as asserted against the defendant, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent with CPL 160.50.

According to testimony elicited at a suppression hearing from Sergeant Michael Hain, on October 12, 2017, at around 12:30 p.m., he and certain detectives, who were not in uniform, were canvassing the area of a housing development in Brooklyn for witnesses and video surveillance footage pertinent to a homicide that had occurred at approximately 3:45 a.m. Around that time, Hain observed a "group of civilians" chasing an individual who would later be identified as the defendant, who was running away, and heard a female voice say "that's him, he's getting away, grab him." Hain testified that when the group caught up to the defendant, a female individual "was engaged in some sort of physical altercation with [the defendant]," which Hain described as "tussling, pulling back and forth at each other." Hain indicated that he then "tried to apprehend the [defendant] that was running, break up the fight, at which point, the [defendant] slipped out of" a jacket or "hoody" he was wearing and ran away. Hain stated that he chased after the defendant with the assistance of a detective, "who was able to apprehend the [defendant]," and "[w]e went to the ground" and "were fighting for his hands, to get him rear cuffed." Hain then heard the detective yell that the defendant had a gun. Hain indicated that they handcuffed the defendant, rolled the defendant over onto his side, and Hain "felt what appeared to be the butt of a gun" by the defendant's waist. Hain removed the object which he observed to be a firearm wrapped inside of a bandana.

At the close of the hearing, the Supreme Court found, among other things, that Hain had reasonable suspicion to detain and pursue the defendant, and the court denied that branch of the defendant's omnibus motion which was to suppress the firearm recovered from his person.

Following a jury trial, the defendant was convicted of criminal possession of a weapon in the second degree.

"'On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance'" (People v Johnson, 243 AD3d 679, 680, quoting People v Rhames, 196 AD3d 510, 511-512). "'In order to justify police pursuit, the officers must have reasonable suspicion that a crime has been, is being, or is about to be committed'" (People v Sidbury, 237 AD3d 975, 976 [internal quotation marks omitted], quoting People v Leon, 222 AD3d 998, 999). "Reasonable suspicion exists where there is a 'quantum of knowledge sufficient to induce an ordinarily prudent and cautious man [or woman] under the circumstances to believe criminal activity is at hand'" (People v Leon, 222 AD3d at 999, quoting People v Cantor, 36 NY2d 106, 112-113). "'A suspect's flight alone or in conjunction with equivocal circumstances that might suggest a police request for information is insufficient to justify pursuit'" (People v Sidbury, 237 AD3d at 976 [internal quotation marks omitted], quoting People v Leon, 222 AD3d at 999). "However, a defendant's flight plus 'other specific circumstances indicating that the suspect may be engaged in criminal activity, may give rise to reasonable suspicion, the necessary predicate for police pursuit'" (People v Sidbury, 237 AD3d at 976 [internal quotation marks omitted], quoting People v Ravenell, 175 AD3d 1437, 1439).

Here, the People failed to meet their burden of establishing the legality of the pursuit of the defendant, as the police lacked reasonable suspicion that the defendant had committed, was committing, or was about to commit a crime (see People v Ravenell, 175 AD3d at 1439). Neither Hain's observation of the defendant running away from a "group of civilians" chasing him, nor the female voice saying "that's him, he's getting away, grab him," without reference to any specific acts, were sufficient to confer reasonable suspicion that the defendant was engaged in criminal activity, as opposed to the defendant being the victim of criminal activity or having no connection to any criminal activity (see People v Gomez, 205 AD3d 1049, 1050; People v Reyes, 69 AD3d 523, 527). Hain acknowledged that "I wasn't sure exactly what was going on at the time," and that the group could have been chasing the defendant "for anything." Further, Hain's vague testimony that when the group caught up to the defendant, he observed the defendant and a female individual "engaged in some sort of physical altercation," which he described as "tussling, pulling back and forth at each other," was insufficient, absent any details, to satisfy the People's burden of establishing reasonable suspicion that the defendant was engaged in criminal activity. Hain acknowledged that "I don't know if [the defendant] was defending himself," and he did not testify that the defendant ever struck the female individual or engaged in any conduct constituting an assault or other criminal activity. Therefore, it cannot be determined from Hain's testimony elicited at the hearing whether the defendant was merely trying to pull away from the female individual to continue running away after she and the group caught up to him.

Thus, Hain's observations did not constitute specific circumstances indicative of criminal activity so as to establish the reasonable suspicion necessary to lawfully pursue the defendant, even when coupled with the defendant's flight (see People v Leon, 222 AD3d at 1000). The record reflects that Hain was not in uniform and did not identify himself as a police officer or make any instruction with which the defendant refused to comply prior to pursuing the defendant (cf. People v Sidbury, 237 AD3d 975). Thus, the defendant had no way of knowing that he was fleeing from the police, as opposed to members of the group chasing him. Since the police lacked reasonable suspicion to pursue the defendant, the pursuit was unlawful, and the discovery of the firearm after the defendant was brought to the ground by the police was precipitated by the illegality and not attenuated from it (see People v Ravenell, 175 AD3d at 1439).

Accordingly, the Supreme Court should have granted that branch of the defendant's omnibus motion which was to suppress the firearm. Without this evidence, the defendant's conviction of criminal possession of a weapon in the second degree was not supported by legally sufficient evidence to establish his guilt of that count beyond a reasonable doubt. Accordingly, the count of the indictment charging the defendant with that offense must be dismissed (see People v Vazquez, 211 AD3d 1052, 1054). Further, since the jury acquitted the defendant of the only count in the indictment charged against him not pertaining to possession of the firearm, the indictment [*2]must be dismissed insofar as asserted against the defendant, and the matter remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50 (see People v Austin, 203 AD3d 732, 738).

In light of our determination, we need not reach the defendant's remaining contentions.

BRATHWAITE NELSON, J.P., WOOTEN, TAYLOR and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court